IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIGUEL ANGEL FLORES-LOPEZ,** | : | CIVIL ACTION NO. 1:21-CV-1839 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **WARDEN CRAIG A LOWE,** | : | |
| | : | |
| Respondent | : | |

### MEMORANDUM

This is a habeas corpus case brought under 28 U.S.C. § 2241 in which petitioner Miguel Angel Flores-Lopez, an immigration detainee currently detained in the Pike County Correctional Facility pursuant to 8 U.S.C. § 1226(a), asserts that his detention has become unreasonably prolonged in violation of the Due Process Clause. We will deny the petition for writ of habeas corpus without prejudice.

**I.      Factual Background & Procedural History**

Flores-Lopez is a native and citizen of Guatemala. (Doc. 5-1 at 3). He entered the United States without inspection or admission sometime in 2013 by walking across the border from Mexico to Texas. (Id. at 4). While in the United States, Flores-Lopes was arrested by the Upper Darby Police in Upper Darby, Pennsylvania on January 26, 2020 for violating the Controlled Substance and Cosmetic Act and for driving under the influence of alcohol. (Id. at 4-5). He was taken to Delaware County Prison, where he was interviewed by an officer for United States Immigration and Customs Enforcement ("ICE"). (Id. at 4). Flores-Lopez admitted that he had entered the United States without inspection, admission, or parole. (Id.) ICE took him into custody on January 29, 2020 and

charged him as removable from the United States under the Immigration and Nationality Act. (Id.) Flores-Lopez was subsequently released from ICE custody on a writ but was taken back into custody on May 13, 2020. (See id. at 12, 24). An immigration judge ("IJ") then conducted a bond hearing on May 26, 2020 and determined that Flores-Lopez was not entitled to release from custody because he posed a risk of danger to persons or property and was a flight risk. (Id. at 25).

On July 16, 2020, an IJ ordered Flores-Lopez removed from the United States to Guatemala. (Id. at 27-28). Flores-Lopez appealed to the Board of Immigration Appeals ("BIA"), which dismissed the appeal on March 24, 2021. (Id. at 31-35). He appealed the BIA's decision to the Third Circuit, which remanded the case to the BIA on July 16, 2021. (Id. at 57). Flores-Lopez's immigration proceeding remains pending before the BIA on remand from the Third Circuit.

Flores-Lopez filed the instant petition on October 29, 2021, asserting that his detention has become unreasonably prolonged in violation of the Fifth Amendment. (Doc. 1). Respondent filed a response to the petition on November 29, 2021, asserting that Flores-Lopez is lawfully detained pursuant to 8 U.S.C. § 1226(a). (Doc. 5). Flores-Lopez filed a reply brief in support of the petition on December 13, 2021, making the petition ripe for the court's disposition. (Doc. 6).

## II.  Legal Standard and Statutory Background

Federal courts may grant writs of habeas corpus to petitioners who are in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2241(c)(3). It is undisputed that Flores-Lopez is detained pursuant to 8 U.S.C. § 1226(a), which gives ICE authority to detain an immigrant pending a

determination of whether the immigrant will be removed from the United States. 8 U.S.C. § 1226(a). Under the statute and its implementing regulations, the decision of whether to release the immigrant on bond is left to ICE's discretion based on a determination of whether the immigrant poses a danger to society or a danger of flight. See id.; 8 C.F.R. § 236.1(c)(8). Immigrants who have been denied bond may seek redetermination of their custody status, but to obtain a change in their custody status they must show that the circumstances of their detention have materially changed. 8 C.F.R. §§ 236.1(d)(1), 1003.19(e). Custody determinations and redeterminations may be appealed to the BIA. Id. § 236.1(d)(3).

### III. Discussion

Flores-Lopez's request for habeas corpus relief is based on a line of cases holding that petitioners detained under 8 U.S.C. § 1226(c) are entitled to a bond hearing after their detention becomes unreasonably prolonged. (See Doc. 1 at 2 (citing Chavez-Alvarez v. Warden York Cty. Prison, 783 F.3d 469 (3d Cir. 2015) and Diop v. ICE, 656 F.3d 221 (3d Cir. 2011))). Under that line of cases, a court determining whether a petitioner's detention has become unreasonably prolonged under § 1226(c) should balance several factors, including the duration of the petitioner's detention, the likelihood that the detention will continue, the reasons for any delays in the processing of the petitioner's immigration case, and whether the conditions of the petitioner's detention are meaningfully different from criminal punishment. See Santos v. Warden Pike Cty. Corr. Facility, 965 F.3d 203, 208-09 (3d Cir. 2020) (citing Chavez-Alvarez, 783 F.3d at 478).

Flores-Lopez's detention, however, is governed by 8 U.S.C. § 1226(a) rather than § 1226(c), and given the differences between the two statutory provisions, the balancing required by Chavez-Alvarez, Diop, and their progeny "is inappropriate in the context of § 1226(a)." Borbot v. Warden Hudson Cty. Corr. Facility, 906 F.3d 274, 278 (3d Cir. 2018). Unlike petitioners detained under § 1226(c), who are often detained without receiving a bond hearing, petitioners detained under § 1226(a) are afforded a prompt bond hearing and are given the opportunity to seek redetermination of the denial of bond after the initial hearing. Id. at 278-79. Thus, where a petitioner detained under § 1226(a) seeks a writ of habeas corpus compelling ICE to provide him with a second bond hearing and does not allege any constitutional defects in the first hearing, habeas corpus relief is generally not warranted. Id. at 279.

That is exactly the case here. Flores-Lopez seeks a writ of habeas corpus compelling ICE to give him a second bond hearing, but he was already afforded a bond hearing on May 26, 2020, and he does not allege any constitutional defects in the original hearing. Based on this fact, there does not appear to be any reason in the record for the court to grant habeas corpus relief.

Our court of appeals has suggested in *dicta* that "despite an initial bond hearing, detention under § 1226(a) might become unreasonably prolonged, whether by virtue of government delay or some other cause." Borbot, 906 F.3d at 280. Flores-Lopez's detention, however, which has continued for

4

approximately nineteen months[1] is not appreciably longer than other periods of detention under § 1226(a) that have been upheld by the court of appeals. See, e.g., Borbot, 906 F.3d at 280 (declining to find due process violation where petitioner had been detained for approximately eighteen months under § 1226(a)); Contant v. Holder, 352 F. App'x 692, 696 (3d Cir. 2009) (concluding that detention for approximately twenty months pursuant to § 1226(a) was not unconstitutionally prolonged).  Thus, even assuming that the duration of a petitioner's confinement under § 1226(a) could be the basis for habeas corpus relief, see Borbot, 906 F.3d at 277 ("Borbot cites no authority, and we can find none, to suggest that duration alone can sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations"), Flores-Lopez's detention has not continued long enough to warrant such relief.

**IV.    Conclusion**

We will deny the petition for writ of habeas corpus without prejudice.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    December 29, 2021

---

[1] Flores-Lopez asserts that he has been in ICE custody "for over (21) months," see Doc. 6, but this assertion appears to be based on the date when he was initially taken into custody, despite the fact that he was released and subsequently rearrested.  The record reflects that Flores-Lopez has been in ICE custody since May 13, 2020, a period of approximately nineteen months.  (See Doc. 5-1 at 24).